THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| D. A. OSGUTHORPE FAMILY PARTNERSHIP, a Utah limited partnership,<br>   Plaintiff,<br><br>  vs.<br><br>ASC UTAH, INC., a Maine corporation; WOLF MOUNTAIN RESORTS, L.C., a Utah limited liability company; the THIRD DISTRICT COURT, an agency of the Judicial Branch of government of the State of Utah; and HONORABLE ROBERT K. HILDER, in his capacity as a Judge of the Third Judicial District Court in and for the state of Utah<br><br>   Defendant. | Case No. 2:11CV147 DS<br><br><br><br><br><br>MEMORANDUM<br>DECISION |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

On February 23, 2011, this Court conducted a hearing on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, Order Compelling Arbitration and Stay of All State Court Proceedings Pending Arbitration. Plaintiff filed the motion after the state trial court and the Utah Supreme Court denied its motions to compel arbitration and to stay the state trial that was scheduled for March 8, 2011. At the February 23 hearing this Court denied Plaintiff's motion, determining that the *Rooker-Feldman* doctrine applies. The Court determined

that it did not have subject matter jurisdiction because Plaintiff is seeking review of a state court judgment. The Court also found that jurisdiction is improper under the *Younger* doctrine and the general principles of abstention. Defendants have filed Motions to Dismiss the complaint, and the Court, based on its determinations at the February 23 hearing, agrees that the complaint should be dismissed. Defendant ASC Utah has also moved for fees under 42 U.S.C. § 1988, on grounds that Plaintiff's action "was frivolous and vexatious."[1]

## II. ANALYSIS

Plaintiff does not argue that the complaint should not be dismissed, but simply states that because the Court lacks subject matter jurisdiction, the dismissal must be without prejudice. As the 7th Circuit has stated, "the right disposition, when the *Rooker-Feldman* doctrine applies, is an order under Fed.R.Civ.P. 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction."[2] This means that although the plaintiff cannot re-file in federal court, the dismissal is without prejudice on the merits, which may be reviewed in state court to the extent the state's law of preclusion permits.[3] ASC Utah agrees that a dismissal on jurisdictional grounds is without prejudice with respect to grounds unrelated to the basis of the dismissal disposition.[4]

---

[1] ASC Utah, Inc. Fee Motion (Docket #22), at 2.

[2] *Frederiksen v. City of Lockport,* 384 F.3d 437, 439 (7th Cir. 2004)

[3] *See Frederiksen* at 438, citing *T.W. v. Brophy,* 124 F.3d 898, 898 (7th Cir. 1997).

[4] *See Good v. Kroshowsahi,* 296 Fed.Appx 676 (10th Cir. 2008)("even a dismissal without prejudice will have a preclusive effect *on the [dispositive jurisdictional] issue* in a future action") citing *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1219 (emphasis added in *Good*).

The only question remaining is whether Defendant ASC Utah is entitled to reasonable attorney's fees under 42 U.S.C. § 1988. That section allows fees to be awarded to the party who prevails against claims brought under civil rights statutes such as §1983: "the court, in its discretion may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[5] A defendant may recover attorney's fees, however, "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."[6] Defendant ASC argues that the instant suit is both frivolous and vexatious.

Plaintiff initially cited a 9th Circuit case for the proposition that the Court, having determined that *Rooker-Feldman* applies, has no subject matter jurisdiction to determine whether Plaintiff's section 1983 claims are frivolous or vexatious and so has no subject matter jurisdiction to award fees under section 1988.[7] The Tenth Circuit, however, has held that a federal court has subject matter jurisdiction over a request for attorneys fees even in the absence of subject matter jurisdiction over the underlying claim.[8] ASC points out that this is both logical and fair. A plaintiff who files a frivolous suit for the purposes of delay has burdened both the court and the defendants with a vexatious suit, whether the suit is dismissed on the merits or whether the case cannot even proceed to that step. So the reasons for granting fees under § 1988 would be met.

---

[5] 42 U.S.C. § 1988(b).

[6] *Hensley v. Eckerhart,* 461 U.S. 424, 429, n. 2 (1983).

[7] *Elwood v. Drescher,* 456 F.3d 943, 948 (9th Cir. 2006).

[8] *Olsen v. Aebersold,* 149 Fed.Appx. 750, 2005 WL 2093012, *1 (10th Cir. Aug. 31, 2005), citing *U.S. ex. rel. Gryberg v. Praxair, Inc.,* 389 F.3d 1038, 1056-59 (10th Cir. 2004).

Since this Court clearly has the power to award fees, the only remaining question is whether the standard for the award of fees to a defendant under § 1988 has been met. Because the standard of vexatious, frivolous, or brought to harass or embarrass the defendant is a demanding one, the Court requests that the parties present oral argument on this issue.

### III. CONCLUSION

For the foregoing reasons, the Court hereby grants Defendants' Motions to Dismiss (Doc. #20 and #26) and sets the Motion for Fees Under 42 U.S.C. § 1988 (Doc. #22) for hearing on Wednesday, May 18, 2011 at 2:00.

DATED this 4th day of May, 2011.

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT