THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

*****************************************************************

| | | |
|---|---|---|
| D. A. OSGUTHORPE FAMILY PARTNERSHIP, a Utah limited partnership, | ) ) ) ) | Case No. 2:11CV147 DS |
| Plaintiff, | ) | |
| vs. | ) ) | |
| ASC UTAH, INC., a Maine corporation; WOLF MOUNTAIN RESORTS, L.C., a Utah limited liability company; the THIRD DISTRICT COURT, an agency of the Judicial Branch of government of the State of Utah; and HONORABLE ROBERT K. HILDER, in his capacity as a Judge of the Third Judicial District Court in and for the state of Utah | ) ) ) ) ) ) ) ) | MEMORANDUM DECISION |
| Defendant. | ) ) | |

*****************************************************************

Plaintiff has filed a Rule 59(e) Motion Re: Order Awarding Attorney Fees Pursuant to 42 U.S.C. § 1988 (Doc. #70). After careful consideration of the parties' briefing, the court hereby denies the motion. A Rule 59(e) motion to amend judgment "is an extreme remedy to be granted in rare circumstances; . . . courts [should] consider [1] whether there has been an intervening change in the law, [2] new evidence, or [3] the need to correct clear error or to prevent manifest injustice."[1] "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law."[2] Also, "[R]ule 59(e)] is not appropriate to revisit

---

[1] *Brumark Corp. V. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *see also Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012).

[2] *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (citations and quotations omitted).

issues already addressed or advance arguments that could have been made it prior briefing."³ Plaintiff's motion, however, asks the court to do precisely that, revisit the issues that the court has already addressed several times in the course of this litigation. This is not one of those rare situations where a Rule 59(e) motion should be granted.

As the 10th Circuit noted in its opinion, in a § 1983 action, "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant."⁴ There is no requirement that the suit be both vexatious and frivolous, only that it be one *or* the other. This court finds that there are sufficient specific factual findings in the February 21, 2013 Order Awarding Attorneys' Fees to support the decision to award those fees.

On the question of whether the lawsuit is frivolous, the court finds the *Crabtree v. Muchmore*⁵ case to be particularly persuasive. In that case, disappointed state court litigants filed a § 1983 suit against a state court judge and various attorneys, alleging that the judge and attorneys engaged in a conspiracy to effect an unconstitutional seizure of property. The Tenth Circuit held that the district court was required to look to the merits for purposes of determining entitlement to fees, and that, had it done so, the only correct decision would have been to award fees. They emphasized that plaintiffs were represented by counsel in the state court proceedings, that they unsuccessfully sought relief from the state Supreme Court, and that the defendant judge had clearly acted in a judicial capacity when he rendered the allegedly offensive order.⁶

---

³*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

⁴*Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983).

⁵904 F.2d 1475 (10th cir. 1990).

⁶ Id. at 1479.

2

Similarly, in this case, Osguthorpe presented the same arguments to the state trial court and Supreme court and lost, and Judge Hilder was clearly acting within his judicial capacity when he denied Osguthorpe's motions.

Although a showing that the lawsuit is frivolous is adequate to support this courts decision to award fees, there are specific factual findings to indicate that the lawsuit was also vexatious. The Court agrees with Plaintiff that the 10th Circuit's ruling that this court had subject matter jurisdiction eliminates the finding that Osguthorpe concocted the alleged conspiracy to try to manufacture federal subject matter jurisdiction. However, it is true that Osguthorpe was not even a party to the claims that it ultimately sought to compel into arbitration. It should also be noted, as stated in the Order Awarding Attorney's Fees, that Osguthorpe attempted to invoke federal court jurisdiction only after Osguthorpe had participated in state court litigation for almost five years; Wolf had filed two motions to compel arbitration of the very claims that were the subject of Osguthorpe's pleas for arbitration to the federal court, and the Utah Supreme Court had upheld denials of those motions; both Osguthorpe and Wolf had filed yet another round of motions to compel arbitration, which were denied, and the Utah Supreme Court refused to stay the trial pending appeal; Osguthorpe moved to disqualify Judge Hilder shortly after he denied Osguthorpe's motion to compel arbitration, which was denied; and Osguthorpe's petition to the Utah Supreme Court for an extraordinary writ based upon Judge Hilder's refusal to recuse himself was denied. All of these facts support a holding that the suit was vexatious.

For the above reasons, the court hereby denies Plaintiff's Rule 59(e) Motion Re: Order Awarding Attorney Fees Pursuant to 42 U.S.C. § 1988.

DATED this _14th_ day of _October_, 20_13_.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT